DULCE CESAR,
        Plaintiff,

      v.                                                                                         Case No. 07C128

DEBORAH ACHIM,
GARY PRESTON and the UNITED STATES,
        Defendants.

## DECISION AND ORDER

On November 16, 2006, an Immigration Judge ("IJ") ordered Plaintiff Dulce Cesar removed to Haiti. At the same time, the IJ granted plaintiff withholding of removal to Haiti on the ground that his "life or freedom would be threatened in that country." See 8 U.S.C. § 1231(b)(3)(A). Defendants Deborah Achim, a federal immigration official at the Chicago Office of Immigration and Customs Enforcement ("ICE"), and Gary Preston, the Detentions Division Commander at the Kenosha County Sheriff's Department, did not release plaintiff from custody until four months later, on March 16, 2007. Plaintiff claims that such prolonged detention was unlawful and that during it, defendants failed to provide him with adequate medical care.

Defendant Achim previously filed a motion to dismiss the claims against her on the grounds that plaintiff failed to state a claim against her and/or that she was entitled to qualified immunity. On March 27, 2008, I granted in part and denied in part defendant Achim's motion. I found that plaintiff had stated a viable claim for unlawful detention and failure to provide adequate medical care against defendant Achim. However, regarding

the unlawful detention claim, I found that defendant Achim was entitled to qualified immunity because the right allegedly violated was not clearly established at the time of the violation.

Subsequently, plaintiff amended his complaint. He maintained his claims against defendants Preston and Achim for failure to provide adequate medical care, and he added three claims against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), for failure to provide medical care (Count III), negligent infliction of emotional distress (Count IV), and false imprisonment (Count V). Pursuant to Fed. R. Civ. P. 12(b)(6),[1] the United States has moved to dismiss plaintiff's claims. That motion is before me now.

To survive a Rule 12(b)(6) motion, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." Id. In addressing a Rule 12(b)(6) motion, I assume that plaintiff's allegations are true and draw all reasonable inferences flowing from them in the light most favorable to plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

---

[1]The United States initially argued that this court lacked subject matter jurisdiction over two of plaintiff's claims because of exceptions to the FTCA. However, it now concedes that the FTCA exceptions do not withdraw subject matter jurisdiction, but merely impact whether a plaintiff has stated a viable FTCA claim. Thus, this motion is properly analyzed under Rule 12(b)(6).

2

## A. Independent Contractor Exception

The United States contends that Counts III and IV, both of which relate to the medical care plaintiff received while detained at the Kenosha County Detention Center (KCDC), must be dismissed based on the independent contractor exception to the FTCA's waiver of sovereign immunity. Under the FTCA, the United States cannot be held liable for the wrongful conduct of independent contractors. United States v. Orleans, 425 U.S. 807, 813-14 (1976); Logue v. United States, 412 U.S. 521, 526-27 (1973); Alinsky v. United States, 415 F.3d 639, 643-44 (7th Cir. 2005). Although the sovereign immunity of the United States for damages caused by the tortious acts or omissions of federal agents or employees has been waived, the FTCA specifically excludes from this waiver "any contractor with the United States" in its definitions of the terms "federal agency" and "employee." 28 U.S.C. §§ 1346(b), 2671.

The United States argues that the KCDC is an independent contractor, and therefore the employees of the KCDC are not federal agents or employees under the FTCA and the United States is not liable for their conduct. However meritorious the argument that the KCDC is an independent contractor might be, it does not necessarily follow that it defeats plaintiff's claims. The United States's argument assumes that plaintiff's claims are entirely based on the conduct of KCDC staff, and no one else. This mischaracterizes the allegations in the complaint. Plaintiff has clearly asserted that employees of the United States such as Deborah Achim and other federal employees had personal involvement in the claims at issue – that they were aware, for example, of the failure to provide plaintiff with adequate medical care but did nothing to remedy it. Further,

3

there are additional allegations suggesting that federal employees and agencies had a more active role in plaintiff's care than is suggested by the United States. For example, the complaint alleges that the United States Immigration and Customs Enforcement Office confiscated some of plaintiff's medication and did not return it to him. Thus, based on these allegations in the complaint, I cannot agree that the independent contractor exception to the FTCA warrants dismissal of Counts III and IV at this time.

**B.     Discretionary Function Exception**

The United States also argues that the discretionary function exception to the FTCA also requires dismissal of Counts III and IV. This exception provides that the FTCA shall not apply to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The United States argues that the decision to contract with KCDC to house and care for federal immigration detainees is a discretionary function, and therefore the FTCA does not apply to claims that the United States was negligent in entering into a contract with the KCDC and therefore is liable for the wrongful conduct of KCDC employees. Again, this argument assumes that the only basis on which the United States could be held liable is in its supervisory capacity. But as discussed above, plaintiff has alleged facts indicating personal involvement not just by KCDC employees, but also by United States employees and agencies. Thus, similar to the independent contractor

4

exception, I cannot agree that the discretionary function exception mandates dismissal of Counts III and IV at this time.

I note that this decision to deny the United States's motion to dismiss based on the above arguments is without prejudice to the right of the United States to raise these arguments again, if after discovery it appears that plaintiff's allegations of personal involvement by United States employees are not borne out by the evidence.

**C.    Good Faith Defense**

The United States also contends that plaintiff's claim of false imprisonment (Count V) against it must fail based on a good faith defense. The United States' liability under the FTCA is determined by the law of the place where the alleged tort occurred. 28 U.S.C. § 1346(b). The parties here agree that Wisconsin law applies in this situation, as plaintiff was detained in Kenosha, Wisconsin. The United States contends that my March 27, 2008 decision in this case is dispositive, that because I found that defendant Achim was entitled to qualified immunity – because the right in question was not clearly established so as to put Achim and other federal employees on notice that their conduct could violate the Constitution – she was acting lawfully and in good faith. And according to defendant, a good faith defense defeats a claim of false imprisonment.

I disagree. First, it is unclear at this stage whether defendant Achim and other federal employees were acting lawfully. Although an individual cannot be held liable for false imprisonment where the detention was authorized by law, as I stated in my previous decision, it is possible that plaintiff's detention may have been unconstitutional under certain circumstances. Thus, it is erroneous to say at this stage that plaintiff's confinement was lawful. As to the United States's good faith argument, I find it misconstrues Wisconsin

5

law. The only legal authority defendant cites is a concurrence in a Wisconsin case noting that good faith is a defense to a crime which requires proof that the defendant knew that he was acting unlawfully. State v. O'Neill, 121 Wis. 2d 300, 322 (1984) (citing Pierson v. Ray, 386 U.S. 547, 557 (1967) (finding that under Mississippi law, a law enforcement officer has a good faith defense to false imprisonment). However, this logic does not apply to a tort claim of false imprisonment under Wisconsin law. In Wisconsin, a false imprisonment action requires only that the defendant intend to confine the plaintiff. Dupler v. Seubert, 69 Wis. 2d 373, 382 (1975). Under Wisconsin law, which follows the Restatement of Torts,

> An actor is subject to liability to another for false imprisonment if
>
> (a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and
>
> (b) his act directly or indirectly results in such a confinement of the other, and
>
> (c) the other is conscious of the confinement or is harmed by it.

Id. (citing Restatement (Second) of Torts § 35). It does not matter whether the defendant knows that the confinement is lawful or unlawful, or even if the defendant sincerely believed that the confinement was lawful. "Motives . . . are immaterial." Restatement (Second) of Torts § 44 cmt. a. Thus, the only relevant intent is the intent to confine, not the intent to unlawfully confine, and the fact that the federal employees here thought that they were acting lawfully is not a defense to liability for false imprisonment.[2]

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss is **DENIED** in accordance with this order.

---

[2] It may, however, serve as a defense to certain types of damages.

6

Dated at Milwaukee, Wisconsin this 22 day of July, 2009.

                                        /s  
                                        LYNN ADELMAN  
                                        District Judge